**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4534

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE CLARK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-346)

Submitted: October 14, 2005          Decided: November 7, 2005

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronnie Clark pled guilty to possession with intent to distribute approximately twenty-eight grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of thirty firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Clark as an armed career criminal to a total sentence of 200 months of imprisonment. Clark appeals his sentence, asserting that the district court erred by sentencing him as an armed career criminal. The Government asserts that Clark validly waived the right to appeal his sentence in the plea agreement. We agree with the Government and dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). A waiver of appeal does not prohibit the appeal of a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to

counsel following the entry of the guilty plea.  United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

Clark does not challenge the voluntariness of the waiver of his right to appeal.  See United States v. Blick, 408 F.3d 162, 169-73 (4th Cir. 2005) (holding that plea agreement waiver of right to appeal that district court accepted prior to Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), was not invalidated by change in law effected by that decision).  Moreover, contrary to Clark's assertion, the issue raised on appeal falls within the scope of the waiver.  See Blick, 408 F.3d at 169 n.7 (concluding that "the [Supreme] Court's use of the term 'statutory maximum' in Blakely [v. Washington, 542 U.S. 296 (2004)] and Booker does not alter the meaning of the language in the appeal waiver").

Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED